IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LUKE PREACHER, | ) | |
| | ) | Case Nos.   CR-00-64-E-BLW |
| Petitioner, | ) | CV-03-108-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is the Government's Motion for Summary

Judgment (Docket No. 83) to which defense counsel has filed a Response (Docket

No. 97), and to which Petitioner ("Preacher") has filed several responses *pro se*, all

of which have been denied.

Having reviewed the record, and being otherwise fully informed, the Court

enters the following Order.

## BACKGROUND

On May 3, 2000, the Government returned a two-count indictment against

Preacher alleging attempted aggravated sexual abuse of a child in Indian country in

violation of 18 U.S.C. §§  2241(c) and 1153; and (2) kidnaping of the same person

in Indian country in violation of 18 U.S.C. §§ 1153 and 1201.  Several individuals

**Memorandum Decision and Order - 1**

had observed Preacher disrobing the victim and himself and placing her on the ground in an isolated area near a storage unit on the Fort Hall Indian Reservation. *Plea Agreement*, ¶ 2 (Docket No. 13).  After those individuals called the Fort Hall police, the responding tribal police officer observed Preacher in the act of attempting to have sexual intercourse with the victim.  *Id.*  Pursuant to the Plea Agreement, Preacher pled guilty to the attempted aggravated sexual abuse of a minor charge in exchange for dismissal of the kidnaping charge.  Preacher was sentenced to 168 months of incarceration.

Preacher unsuccessfully appealed his sentence to the Ninth Circuit and unsuccessfully petitioned for *certiorari* before the U.S. Supreme Court.  He thereafter timely filed his initial § 2255 Motion (Docket No. 25).  He subsequently filed an Amended § 2255 Motion (Docket No. 37) alleging that his conviction should be set aside because (1) his guilty plea was neither knowing nor voluntary; (2) his attorney provided ineffective assistance in a number of ways; and (3) his conviction violated the Double Jeopardy Clause of the Fifth Amendment.

After an exhaustive review of the record, the Court denied every claim except the claim that defense counsel provided ineffective assistance of counsel by failing to assert an intoxication defense based on his being under the influence of alcohol and marijuana at the time he committed the offense.

**Memorandum Decision and Order - 2**

The Court determined that while not a defense to aggravated sexual abuse, intoxication is a defense to *attempted* aggravated sexual abuse, a specific intent crime. *Mem. Dec. and Ord.* at 25-26 (Docket No. 64). However, it was not apparent from the record whether (1) defense counsel did or did not investigate an intoxication defense; (2) defense counsel investigated the defense but exercised reasonable professional judgment not to pursue it; (3) defense counsel exercised reasonable judgment not to investigate; or (4) evidence of intoxication would have likely resulted in a more favorable result. *Id.* Therefore, in spite of the apparent strong evidence against Preacher, and out of an abundance of caution, the Court allowed that claim to proceed. In anticipation of an evidentiary hearing, the Court appointed counsel to represent Preacher as required by Rule 8 of the Rules Governing § 2255 Proceedings.[1]

The Court granted defense counsel's subsequent unopposed Motion to Conduct Limited Discovery (Docket No. 73) requesting leave of Court to conduct a telephonic deposition pursuant to Rule 6(a) of former defense counsel, Ms. Fredilyn Sison. The Government thereafter filed a Motion to Vacate Hearing and Grant Summary Judgment (Docket No. 83) based on Ms. Sison's deposition

---

[1] All further rule citations will be to the Rules Governing § 2255 Proceedings unless otherwise indicated.

**Memorandum Decision and Order - 3**

testimony, the transcript of which was attached to the Motion.  The Court granted the Motion in part by vacating the scheduled evidentiary hearing.  Docket No. 86. Defense counsel's Response stated that he advised Preacher by letter that he must notify counsel prior to May 19, 2006 as to whether and how he could refute the deposition testimony of Ms. Sison pertaining to the intoxication defense.  Defense counsel further stated that Preacher failed to communicate with him.  Rather Preacher filed the previously mentioned numerous *pro se* documents which were unrelated to the sole issue before the Court and did not attempt to refute the deposition testimony of Ms. Sison.

## APPLICABLE LAW AND DISCUSSION

### A.    Standards of Law

### 1.    § 2255 Proceedings and Summary Judgment

Rule 6 allows the Court to authorize discovery, including depositions, in a § 2255 proceeding and requires it to appoint counsel if necessary for effective discovery.  To the extent that they are not inconsistent with § 2255 statutory provisions or rules, Rule 12 allows utilization of both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

Under the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In a motion for summary judgment, the moving party bears the "initial burden of  identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  The burden of production then shifts to the non-moving party.  To meet its burden, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv*., 809 F.2d at 630 (internal citation omitted).

Fed. R. Civ. P. 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 377 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."

**Memorandum Decision and Order - 5**

*Anderson v. Liberty Lobby*, 477 U.S. at 252.

### 2.    Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.   *See Strickland v. Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 688, 697.  *See also Bell v. Cone*, 535 U.S. 685, 695 (2002).   Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

The *Strickland* two-part test is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process.  *Hill v. Lockhart*, 474 U.S. 54, 58 (1985).  To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 58-59.  However, part of the prejudice determination is the likelihood a more favorable outcome at trial.   *Id*.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### B.    Discussion

The Government contends that Ms. Sison was an experienced criminal defense attorney who exercised sound professional judgment in not pursuing an intoxication defense on behalf of Preacher. In submitting the transcript of Ms. Sison's sworn deposition testimony in support of that contention, the Government has met its initial burden of identifying for the Court the portion of the record that demonstrates the absence of any genuine issues of material fact regarding Ms. Sison's representation of Preacher. Rather than relying on the allegations in his Amended § 2255 Motion, the burden then shifted to Preacher to respond by affidavit or otherwise to contradict Ms. Sison's deposition testimony that she was aware of the intoxication defense, that she discussed with him her opinion that it would not succeed, and that he made a fully informed decision to plead guilty. Preacher has failed to meet that burden. In addition, the deposition testimony amply addresses the Court's stated concerns regarding Ms. Sison's awareness of and consideration of the intoxication defense.

**Memorandum Decision and Order - 7**

Prior to representing Preacher in this case, Ms. Sison had been a criminal defense lawyer for nine years, including six as a federal defender. Tr. 6; 22. Ms. Sison had been assigned to the Boise office of the federal defender for four of those years. Tr. 6. She had represented possibly hundreds of clients in federal court at the time. Tr. 22.

From the discovery provided by the Government, Ms. Sison was aware from the very beginning that Preacher's blood alcohol level was .16 and that he was placed in the drunk tank after his arrest. Tr. 12; 14; 20. She testified that she had investigated the intoxication defense but decided not to pursue it because in her professional judgment it had little likelihood of success. Tr. 14; 19. She discussed the reasons for her opinion with Preacher, but it was his decision as to whether or not to go to trial. Tr. 11-12; 15-16; 21. Ms. Sison's reasons included the involvement of a child, the use of force, the existence of several disinterested witnesses, and the unlikelihood that jurors would excuse his behavior based on intoxication. Tr. 12; 16-17. She was concerned that given the strength of the evidence Preacher would be looking at a much higher guideline range should he go to trial, that he would lose an adjustment for acceptance of responsibility, that he would be convicted of two crimes of violence, and that he would be subject to additional enhancements available under both the aggravated sexual abuse and

**Memorandum Decision and Order - 8**

kidnaping offenses.  Tr. 13; 17.

Because of her concerns with the strength of the evidence against Preacher, Ms. Sison negotiated and recommended acceptance of a favorable plea agreement from the Government involving dismissal of the kidnaping count and an agreement not to pursue certain specified enhancements under the sentencing guidelines.[2]  Tr. 7-8.  Ms. Sison discussed the potential guideline calculations with Preacher under the scenarios of taking the plea agreement and going to trial and losing.  Tr. 13-15. She advised Preacher that by pleading early, he would get a reduction for acceptance of responsibility in addition to the Government's agreement not to pursue enhancements compared with facing a much higher sentencing range should he be convicted following trial.  Tr. 8-9; 13.  In discussing and weighing the relative risks with Preacher, she also advised him that despite the Plea Agreement, the Judge could upwardly depart.  Tr. 9-11.  Ultimately, after Ms. Sison discussed with Preacher the improbability of success of an involuntary intoxication defense compared with the benefits to be gained from the Plea Agreement, he made the decision to plead guilty.  Tr. 15-16.

A court must evaluate the reasonableness of defense counsel's representation

---

[2]  The Government agreed that the enhancement for abduction, § 2A3.1(b)(5), and the enhancement for bodily injury to the victim, § 2A3.1(b)(4), would not apply.  *Plea Agreement*, ¶¶ 5 and 6 (Docket No. 13).  These enhancements would have increased the offense level by at least 6 levels.

**Memorandum Decision and Order - 9**

based on the particular facts of the case and evaluate the challenged conduct from counsel's perspective at the time of the alleged omission. *Strickland*, 466 U.S. at 689-90. Furthermore, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' (citation omitted.)" *Id*. at 690. Defense counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.*

The deposition testimony clearly indicates that Ms. Sison, an experienced federal defense attorney, was well aware of the level of Preacher's intoxication and seriously considered the possibility of raising the intoxication defense prior to reaching the conclusion that proceeding to trial with that defense would be futile. It also clearly indicates that she weighed and discussed with Preacher the pros and cons of going to trial versus pleading guilty pursuant to a favorable plea agreement. Indeed, counsel's success at negotiating the terms of the Plea Agreement is laudable in light of the strong evidence against Preacher.

Viewed from the perspective of Ms. Sison at the time she was evaluating the evidence against Preacher, and based on the strong evidence against Preacher, the Court finds that her decision to recommend against going to trial on the

**Memorandum Decision and Order - 10**

intoxication defense was reasonable and sound trial strategy.[3]

Having found that Preacher has failed to establish the requisite constitutionally deficient performance prong of the *Strickland* test in his claim against Ms. Sison, the Court need not look consider the prejudice prong. Nevertheless, the Court finds that Preacher has failed to establish prejudice. For intoxication to succeed as a defense, it must be "so great that it precludes formation of the necessary intent." *United States v. Sneezer,* 900 F.2d 177, 180 n.4 (9th Cir. 1990). Given the fact that the witnesses who called the tribal police did not make any observations about Preacher's lack of sobriety and the fact that the tribal police officer's remarks only pertained to the smell of alcohol, it would only be pure speculation that the defense would have been successful. To the contrary, it is inconceivable to the Court, based on the facts and circumstances of Preacher's conduct, that he would have been acquitted at trial based on the intoxication defense. *See Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984) (evidentiary hearing is not required on an ineffective assistance of counsel claim based on failure to raise an intoxication defense  where the defense is "at best a theoretical possibility" in view of the uncontested facts which "made it inconceivable that a

---

[3] The Court notes that defense counsel does not even have a duty to disclose to defendant the possibility of an intoxication defense where this is a low likelihood of succeeding on the defense and significant exposure to additional punishment if the case proceeded to trial. *See Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991).

jury would have acquitted [defendant].")

## CONCLUSION

Preacher has failed to demonstrate any genuine issue of material fact in response to the Government's Motion for Summary Judgment regarding his claim of ineffective assistance of counsel based on failure to raise an intoxication defense. Accordingly, the Court shall grant the Government's Motion for Summary Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion for Summary Judgment (Docket No. 83) is GRANTED and Preacher's remaining claim of ineffective assistance of counsel claim based on failure to raise an intoxication defense is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Preacher's Amended Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 37) is DISMISSED in its entirety.  Preacher's initial Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 25) and defense counsel's Sealed Motion (Docket No. 68) are MOOT.

IT IS FURTHER HEREBY ORDERED that  Case No. CV-03-108-E-BLW

is DISMISSED with prejudice in its entirety.

DATED:  **July 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court